# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LISA REED, et al.,            )
                              )
         Plaintiffs,          )
                              )
     v.                       )    No. 06 C 3337
                              )
ADVOCATE HEALTH CARE, et al., )
                              )
         Defendants.          )

**MEMORANDUM OPINION**

In May 2007, defendants filed a motion to compel plaintiffs to produce certain categories of discovery. We ruled on the motion in large part but took under advisement and ordered briefing on the question of whether plaintiffs should be compelled to produce discovery concerning their communications with government agencies.

Defendants' Request for Production of Documents Number 17 seeks all documents relating to "communications between or among any of plaintiffs, the SEIU or other union or labor organization, or their respective attorneys, agents or other representatives, on the one hand, and any federal, state or local governmental authority, on the other hand, concerning any of the alleged acts or omissions of which plaintiffs complain in this action." Defendants' Interrogatory Number 8 asks plaintiffs to "[i]dentify and describe with particularity all communications between any of the named plaintiffs or any of her respective attorneys, employees,

agents or representatives, on the one hand, and any federal, state or local governmental entity or agency, including the Antitrust Division of the United States Department of Justice . . . concerning any of the defendants or the claims asserted in or the subjects of this lawsuit . . . ." (Defs.' Mot. to Compel, Ex. 2 at 5 & Ex. 5 at 4.) Plaintiffs object to producing such information on the ground that it is protected opinion work product. Plaintiffs further contend that no waiver of the work-product privilege has occurred as a result of sharing the work product with the government because the government has a "common interest" with plaintiffs in the subject matter.

"The purpose of the qualified privilege for attorney work product, which is codified in Federal Rule of Civil Procedure 26(b)(3), is to establish a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary." Hobley v. Burge, 433 F.3d 946, 949 (7th Cir. 2006). Voluntary disclosure of work product may constitute a waiver of the work-product privilege unless the party with whom the work product is being shared has a common interest in litigation, either actual or prospective. See United States v. American Tel. & Tel. Co., 642 F.2d 1285, 1299-1300 (D.C. Cir. 1980); Schachar v. American Acad. of Ophthalmology, Inc., 106 F.R.D. 187, 191-92 (N.D. Ill. 1985). The common-interest analysis is a way of examining whether the disclosure is consistent with

maintaining secrecy from possible adversaries. "So long as transferor and transferee anticipate litigation against a common adversary on the same issue or issues, they have strong common interests in sharing the fruit of the trial preparation efforts. Moreover, with common interests on a particular issue against a common adversary, the transferee is not at all likely to disclose the work product material to the adversary. When the transfer to a party with such common interests is conducted under a guarantee of confidentiality, the case against waiver is even stronger." American Tel. & Tel. Co., 642 F.2d at 1299.

Plaintiffs maintain that they have a common interest with the government in "investigating and prosecuting . . . allegations that the defendant hospitals conspired to depress nurse wages and exchange nurse compensation data." (Pls.' Mem. in Opp'n to Mot. to Compel at 10.) With respect to confidentiality, plaintiffs submit the declaration of one of their attorneys, who states that "[b]efore providing the government with any substantive information, plaintiffs' counsel requested and received an explicit assurance that the information would be kept confidential." (Decl. of Daniel A. Small ¶ 3.)

A case that we find extremely helpful is Sidari v. Orleans County, No. 95-CV-7250, 2000 WL 33407343 (W.D.N.Y. Oct. 3, 2000). The Sidari plaintiffs asserted the work-product privilege for communications with a United States Attorney and the FBI. The

court found that the work-product privilege was waived because the plaintiffs had not demonstrated that they were litigation allies with the government, nor had they presented any proof of a confidentiality agreement with the government. See id. at *8. Another helpful case cited in Sidari is Information Resources, Inc. v. Dun & Bradstreet Corp., 999 F. Supp. 591 (S.D.N.Y. 1998), in which the court overruled plaintiff's work-product objection to producing its submissions to various government agencies, including the Department of Justice's Antitrust Division. The court held that "waiver results from the voluntary submission of material to a government agency to incite it to attack the informant's adversary," explaining that "[a] well-traveled route to achieving relief in civil litigation has been to persuade the government to take action against a party and thereby gain, if possible, the advantage of collateral estoppel in later civil litigation against that party. The party who travels that route should not be protected from disclosure of its statements." Id. at 593 (quoting Three Crown Ltd. P'ship v. Salomon Bros., Inc., No. 92 Civ. 3142 (RPP), 1993 WL 277182, at *2 (S.D.N.Y. July 21, 1993)).

Here, plaintiffs have failed to show that they have a "common interest" with the government. The cases cited by plaintiffs in which courts had found no waiver of the work-product privilege are distinguishable because there, the government had a common interest with the sharer of information because it was actively pursuing

litigation or at least an investigation against the common adversary. Here, there is no evidence of even a governmental *investigation* of defendants concerning the nurse wages, let alone any litigation. In addition, plaintiffs have not provided any proof of a confidentiality agreement with the government; the most they can say is that they received an "explicit assurance" of confidentiality at some unspecified time from some unidentified person. Moreover, plaintiffs admit in their brief that their attorneys' communication with the government "was in furtherance of both potentially beneficial government action and potential advantages in this litigation flowing from government action. For example, a government action could secure injunctive relief beneficial to plaintiffs and may uncover facts important to this case or result in a judgment that is collateral estoppel here." (Pls.' Mem. in Opp'n to Mot. to Compel at 11-12.) As in <u>Sidari</u> and <u>Information Resources</u>, it is clear that plaintiffs submitted certain materials and communicated with the government in order to "stimulate beneficial official action," which constitutes waiver of the work-product privilege. <u>Information Resources</u>, 999 F. Supp. at 593.

Plaintiffs also assert that their "First Amendment right to petition the government would be impermissibly burdened if defendants' motion were granted." (Pls.' Mem. in Opp'n to Mot. to

Compel at 11.)  Plaintiffs cite no case law that supports this argument, and it is rejected.

## **CONCLUSION**

Plaintiffs' objections to disclosing their attorneys' communications with the government are overruled, and defendants' motion to compel certain discovery is granted, to the extent it seeks those communications.

DATE:    August 1, 2007

ENTER:   _____
         John F. Grady, United States District Judge